## MORIARTY v. CITY OF NEW YORK.

### (Supreme Court, Appellate Term. June 25, 1909.)

MILITIA (§ 17*)—REPAIRS OF ARMORY—LIABILITY.

Under Military Code (Laws 1898, p. 563, c. 212) § 134, relating to armories in New York City, the secretary of the armory board has no power to issue orders or incur expenses for work and materials for repairing an armory; but the duty devolving on the city must be done under the direction of the commissioner of public buildings, who alone, in case of an emergency, may cause repairs to be done without calling for competition.

[Ed. Note.—For other cases, see Militia, Cent. Dig. § 42½; Dec. Dig. § 17.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John L. Moriarty against the City of New York. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 110 N. Y. Supp. 842.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Francis K. Pendleton (Theodore Connoly and Loyal Lesle, of counsel), for appellant.

Alfred Beekman (Moses H. Grossman, of counsel), for respondent.

PER CURIAM. The plaintiff brought this action and has recovered judgment for the amount of three bills for work rendered and materials furnished upon the order of the secretary of the armory board for replacing and repairing burned out and broken electric wires and switchboard, and for repairing a lantern in front of Armory A; and for repairs to motor in the rifle range of the Twenty-Second Regiment Armory.

No power is conferred upon the secretary of the armory board to issue such order or incur such expenditures. On the contrary, expenditure of the municipal appropriation made to meet this nonmunicipal duty, devolved by statute (Military Code [Laws 1898, p. 563, c. 212] § 134) upon the city of New York, may be only by and under the direction of the commissioner of public buildings; who alone, in

cases of an emergency, may cause repairs immediately required to be done without calling for competition.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, with leave to appeal to the Appellate Division.

SEABURY, J., dissents.